UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC., et al., | ) | CASE NO. 5:23-cv-1889 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WHISKEY STOP BAR AND GRILL, INC. d/b/a WHISKEY STOP BAR & GRILL, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently before the Court is the motion of plaintiffs Broadcast Music, Inc. ("BMI"), Sony/ATV Tree Publishing, Beechwood Music Corporation, Benefit Music, Sony/ATV Melody, Unichappell Music, Inc., John Farrar Music, Muscle Shoals Sound Publishing Co., a division of Northside Partners, Peermusic III Ltd., and Painted Desert Music Corporation for default judgment, pursuant to Fed. R. Civ. P. 55(b), in their copyright infringement action filed against defendants, Whiskey Stop Bar and Grill, Inc. ("Whiskey Stop, Inc."), and owner Scott Kelly ("Kelly").[1] (Doc. No. 13 (Motion).) The motion is unopposed. For the reasons that follow, default judgment is granted in favor of the plaintiffs and against the defendants on the complaint, the plaintiffs are awarded damages and attorney's fees in the amount of $22,939.55, plus interest, and the defendants are permanently enjoined from further infringing the plaintiffs' compositions.

---

[1] A third defendant, Kathryn Kelly, was originally party to this action. On November 30, 2023, plaintiffs moved to dismiss Kathryn Kelly from the action. (Doc. No. 11.) The Court granted this motion, dismissing Kathryn Kelly on December 5, 2023. (Doc. No. 12.) Hereinafter, "defendants" refers to the remaining defendants, Whiskey Stop, Inc. and Kelly.

I. **BACKGROUND**

BMI is an international performance rights corporation based out of New York City, New York. (Doc. No. 1 (Complaint) ¶ 3.) In its role as a performance rights corporation, BMI acquires the non-exclusive performance rights to compositions from copyright owners. (Doc. No. 13-1 (Brief in Support of Default Judgment), at 1–2.[2]) BMI then grants licenses to play the compositions it has acquired from copyright owners to businesses featuring musical entertainment. (*Id.* at 2.)

Plaintiffs Sony/ATV Tree Publishing, Beechwood Music Corporation, Benefit Music, Sony/ATV Melody, Unichappell Music, Inc., John Farrar Music, Muscle Shoals Sound Publishing Co., a division of Northside Partners, Peermusic III Ltd., and Painted Desert Music Corporation are copyright owners (jointly, the "Copyright Owners"). (Doc. No. 1 ¶ 4.) Each has signed an agreement granting BMI non-exclusive performance rights to their compositions. (Doc. No. 13-1, at 1–2.) As part of their agreements with BMI, Copyright Owners granted BMI the right to maintain actions for infringement of the public performance rights of their compositions and seek damages for the same. (Doc. No. 13-2 (Adewumi Decl.) ¶ 4.) Copyright Owners are joined to this suit pursuant to Fed. R. Civ. P. 17(a) and 19(a). (Doc. No. 1 ¶ 4.)

Defendant Whiskey Stop, Inc. is an Ohio corporation which operates, maintains, and controls the venue Whiskey Stop Bar and Grill. (*Id.* ¶ 14.) Whiskey Stop Bar and Grill is located in Louisville, Ohio. (*Id.*) It offers public musical performances, including playing songs, music trivia, and karaoke. (*See id.* ¶ 15.) Kelly is an officer of Whiskey Stop, Inc. who is responsible for operation and management of the corporation. (*Id.* ¶ 17.)

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

2

At some point prior to October 21, 2021, BMI became aware that Whiskey Stop, Inc. was offering public musical performances without a license to do so. (Doc. No. 13-3 (Flynn Decl.) ¶ 3.) On October 29, 2021, BMI sent a letter to Whiskey Stop Bar and Grill advising that it required a license to continue offering public performances of songs on the BMI catalogue. (*Id.*) Defendants did not respond to this letter. (*Id.*) Over the next two years, BMI would call Whiskey Stop Bar and Grill approximately twenty times, send at least five letters to the business, mail a brochure on licensing, and issued multiple cease-and-desist notices. (*See id.* at 17–28; *see also* Doc. No. 13-1, at 2.)

On August 2, 2023, a representative for BMI visited Whiskey Stop Bar and Grill. (Doc. No. 13-3 ¶ 8.) The representative stayed at the venue for approximately four hours and recorded the music being played at Whiskey Stop Bar and Grill during his visit. (*See id.* at 5–10.) After analyzing the recording, BMI identified six songs from the BMI catalogue, including: Bottle Let Me Down a/k/a Tonight The Bottle Let Me Down by Merle Haggard, Fat Bottomed Girls by Brian May, Go Rest High On That Mountain by Vince Gill, Hopelessly Devoted To You by John Farrar, Old Time Rock And Roll a/k/a Old Time Rock 'N Roll by George Jackson and Thomas E. Jones, III, and Ring Of Fire by June Carter and Merle Kilgore. (*See generally* Doc. No. 1-1 (Song Schedule).)

Plaintiffs sent defendants a final notice of copyright infringement on August 21, 2023. (Doc. No. 13-3, at 23–24.) Once again, defendants did not respond. On September 28, 2023, plaintiffs filed their complaint, alleging six counts of copyright infringement in violation of 17 U.S.C. § 501. (Doc. No. 1 ¶ 23.) Defendants were served on October 11, 2023. (Doc. Nos. 6–8.) To date, no defendant has filed an answer or otherwise responded to the complaint. Plaintiffs

applied for entry of default on November 9, 2023. (Doc. No. 9.) The Clerk of Courts entered default on November 13, 2023. (Doc. No. 10.)

Plaintiffs moved for default judgment on January 12, 2024. (Doc. No. 13.) In their motion, plaintiffs ask that the defendants be held jointly and severally liable for $17,728.80 in damages and $5,210.75 in costs and attorney's fees, plus interest. (Doc. No. 13-1, at 3–6.) Plaintiffs also request that defendants be permanently enjoined and restrained from future infringement of their copyrighted works. The motion for default judgement is unopposed. (*Id.*)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the Clerk against the defendants pursuant to Rule 55(a). (*See* Doc. Nos. 9, 10.) Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted).

Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but may conduct a hearing if the Court needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegations by evidence; or (4) investigate any other matter. In this case, the Court has examined the record before it and plaintiffs' submissions in support of their motion for default judgment and concludes that a hearing is not necessary to rule upon the motion.

The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing, among other authorities, 10A Charles A. Wright, et al., *Federal Practice and Procedure* § 2685 (3d ed. 1998) ("This

element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).")). Thus, defendants' default does not automatically entitle plaintiffs to relief.

In order to rule upon plaintiffs' motion, the Court must determine whether the factual allegations in the complaint deemed admitted by defendants' default, and reasonable inferences derived therefrom, are sufficient to satisfy the elements of plaintiffs' legal claims for which they seek default judgment. *See Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016) (finding even though defendant has defaulted, the court must determine whether factual allegations accepted as true state a claim for relief with respect to the claims for which plaintiffs seek default (citation omitted)); *see also Kwik–Sew Pattern Co. v. Gendron*, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) ("[A] court may not enter default judgment upon a legally insufficient claim." (citations omitted)). Legal conclusions in the complaint are not deemed admitted by a defendant's default.

In addition, "[a]n entry of default judgment requires some affirmation that the person against whom the default judgment is obtained is not (1) 'an infant or incompetent person' who is unrepresented; (2) a member of the armed services who is entitled to protection against default pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix § 401 *et seq.*; or (3) an officer or agency of the United States." *Leach v. Lifeway for Youth, Inc.*, No. 1:07-cv-200, 2008 WL 1990390, at *1 (S.D. Ohio May 1, 2008) (citing Fed. R. Civ. P. 55(b), (c), (e); Advisory Committee Notes to Fed. R. Civ. P. 55, Supplementary Note.). As a corporation, Whiskey Stop, Inc. is not a minor, incompetent person, or subject to the Soldiers' and Sailors' Civil Relief Act of 1940. *See Zinganything, LLC,* 2016 WL 362359, at *2 (citing *Hitachi Med.*

5

*Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09-cv-847, 2010 WL 4638057, at *1 (N.D. Ohio Nov. 5, 2010) ("As corporations, the Defaulting Defendants are clearly not infants or incompetent persons.")). Nothing in the record suggests that Kelly is a minor or otherwise incompetent. Accordingly, default judgment is proper against both defendants.

### III. DISCUSSION

By defaulting, defendants are deemed to have admitted all of plaintiffs' well-pleaded factual allegations as to liability. *AF Holdings*, 976 F. Supp. 2d at 929 ("Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (further citation omitted))). To be well-pleaded, the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See Reid v. Herrera Harvesting LLC*, No. 2:17-cv-229, 2020 WL 2473491, at *1 (E.D. Tenn. May 13, 2020) (applying Fed. R. Civ. P. 8(a) to a complaint for which plaintiff seeks default judgment (citations omitted)).

#### A. Copyright Infringement

The Copyright Act grants certain exclusive rights to the owner of a copyright. *See* 17 U.S.C. § 106. Among these rights are the right to reproduce copyrighted works, to perform copyrighted works publicly, or to perform copyrighted works using digital audio transmission. 17 U.S.C. § 106(1), (4), (6). Liability for copyright infringement is established where the plaintiff alleges facts sufficient to demonstrate (1) ownership of a valid copyright, and (2) that the defendant copied constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). "The first prong tests the originality and non-functionality of the work, both of which are presumptively established by the

copyright registration. The second prong tests whether any copying occurred (as a factual mater) and whether the portion of the work copied were entitled to copyright protection (as a legal matter)." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004) (internal citation omitted).

As indicated previously, plaintiffs (other than BMI) own the copyrights to the six songs at issue in this case. (Doc. No. 1 ¶ 4; *see also* Doc. No. 1-1.) BMI has been granted, by the other plaintiffs, the right to publicly perform each of the six compositions at issue in this case and to issue public performance license agreements to music users. (Doc. No. 13-2 ¶ 4; *see also* Doc. No. 1-1.) The other plaintiffs also granted BMI the right to maintain actions for infringement of the public performance rights to these compositions, and to seek damages for such infringement. (Doc. No. 13-2 ¶ 4.) Whiskey Stop, Inc. held unlicensed performances of these compositions, reproducing them either by use of its audio system and television, or as part of live karaoke performances at the bar. (Doc. No. 1 ¶ 15; *see also* Doc. No. 13-3, at 5–10.) The songs were sufficiently similar to be identified by analysis of the recording made on August 2, 2023, when BMI's representative visited Whiskey Stop Bar and Grill. (*See* Doc. No. 13-3, at 12–16.) Therefore, both elements of copyright infringement are met for the six compositions at issue.

"When multiple parties infringe on a copyright, the parties are jointly and severally liable." *Corbis Corp. v. Starr*, No. 3:07-cv-3741, 2009 WL 2901308, at *4 (N.D. Ohio Sept. 2, 2009) (citing *NCR Corp. v. Korala Assoc., Ltd.*, 512 F.3d 807, 816 (6th Cir. 2008)). A business owner may be held vicariously liable for copyright infringement that occurs at his establishment where he "enjoys a direct financial benefit from the infringing activity and 'has the right and ability to supervise' the infringing activity." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d

615, 621 (6th Cir. 2004) (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)). Kelly is an officer of Whiskey Stop, Inc. and he manages the operations of both Whiskey Stop, Inc. and Whiskey Stop Bar and Grill in this role. (Doc. No. 1 ¶ 17.) As an officer, Kelly has the right and ability supervise activities at Whiskey Stop Bar and Grill, and he also has a direct financial interest in the corporation. (*Id.* ¶ 18.) As a result, Kelly is jointly and severally liable for Whiskey Stop, Inc.'s copyright infringement.

### B. Damages, Attorney's Fees, and Injunctive Relief

Plaintiffs seek three forms of relief: statutory damages, attorney's fees, and an injunction prohibiting Whiskey Stop, Inc. from further unlicensed performances of their copyrighted works. Each is authorized by statute. 17 U.S.C. §§ 502, 504, 505.

Plaintiffs request $17,728.80 in statutory damages. (Doc. No. 13, at 1.) This total equates to an award of $2,954.80 for each of the six infringement claims alleged and approximately three times what BMI would have received in licensing fees had Whiskey Stop, Inc. sought a license to perform the works at issue. (*Id.*) The Copyright Act permits plaintiffs to receive an award of statutory damages "in a sum of not less than $750.00 or more than $30,000.00" in lieu of pursuing actual damages and defendant's profits. 17 U.S.C. § 504(c)(1).

Courts have wide latitude to determine appropriate damages and may consider the potential deterrence value of damages as well as the willful nature of a defendant's infringement. *See Gnat Booty Music v. Creative Catering of Wadhams, LLC*, 761 F. Supp. 2d 604, 609 (E.D. Mich. 2011). In the Sixth Circuit, district courts have routinely found that an award of approximately three-times the licensing fee that the plaintiff would have received is appropriate. *See, e.g.*, *Broadcast Music, Inc. v. Meadowlake, Ltd.*, No. 5:12-cv-1024, 2013 WL 3927793, at *7 (N.D. Ohio July 29,

8

2013) (citing *Chi–Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229–30 (7th Cir. 1991)); *Broadcast Music, Inc. v. Pub Dayton*, LLC, 3:11-cv-58, 2011 WL 2118228, at *5 (S.D. Ohio May 27, 2011) (awarding approximately three times unpaid licensing fees); *Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994) (collecting cases). Plaintiffs' requested award of $17,728.80 falls within this range, and it is an appropriate amount to both compensate plaintiffs and deter violations of copyright law. The Court therefore **AWARDS** plaintiffs statutory damages in the amount of $17,728.80.

Next, plaintiffs request the Court award costs and attorney's fees amounting to $5,210.75. (Doc. No. 13, at 1.) At the Court's discretion, the prevailing party in a copyright infringement case may be awarded costs and reasonable attorney's fees. 17 U.S.C. § 505. In deciding whether to award attorney's fees, the Court must consider several factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 589 (6th Cir. 2007) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)). That said, for suits brought under the Copyright Act "[t]he grant of fees and costs 'is the rule rather than the exception and they should be awarded routinely.'" *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) (quoting *Positive Black Talk Inc. v. Cash Money Records*, Inc., 394 F.3d 357, 380 (5th Cir. 2004)).

Here, plaintiffs offer the declaration of attorney Robert E. Chudakoff in support of their requested fees. (Doc. No. 13-4.) The declaration provides that the attorney's fees, amounting to $2,900 of the total fees and costs, are billed at a flat rate. (*Id*. ¶ 5.) There is no hourly breakdown

to support the billing. Nonetheless, other Ohio courts have found similar fee arrangements to be reasonable. *See, e.g.*, *Broadcast Music, Inc. v. Del Rancho, LLC*, No. 4:22-cv-940, slip op. at 2 (N.D. Ohio July 29, 2022) (awarding $2,900.00 in attorney's fees using a fixed-fee arrangement); *Broadcast Music, Inc. v. Reisner*, No. 3:13-cv-1007, 2014 WL 1761582, at *2 (N.D. Ohio May 1, 2014) (awarding $2,900.00 in attorney's fees using a fixed-fee arrangement); *Broadcast Music, Inc. v. 4737 Dixie Highway, LLC*, No. 1:12-cv-506, 2012 WL 4794052, at *5 (S.D. Ohio Oct. 9, 2012) (awarding $2,900.00 in attorney's fees using a fixed-fee arrangement). There is no evidence that the fees are otherwise frivolous or unreasonable, and the pleadings give no reason to doubt plaintiffs' motivation in requesting its fees. Accordingly, the Court **AWARDS** $5,210.75 in costs and attorney's fees.

Finally, plaintiffs ask the Court for an injunction prohibiting defendants from further infringing any of their copyrighted works. (Doc. No. 13, at 1.) The Copyright Act authorizes the Court to order injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). It is well established "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 492 (6th Cir. 2007) (citing 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.06 [B] (2007)). Here, defendants did not attempt to obtain a license to play the works at issue despite receiving over twenty phone calls, multiple letters, cease-and-desist notices, and informational brochures about licensing through BMI. Despite BMI's outreach, Whiskey Stop, Inc. remains unlicensed. This behavior demonstrates a likelihood to continue unlawful performances in the future. *Broadcast Music, Inc. v. Reisner*, 2014 WL 1761582, at *2; *Broadcast Music, Inc. v. Meadowlake, Ltd.*, 2013

WL 3927793, at *6–7. Given defendants' past copyright infringement, and the high likelihood that they would continue to offer unlicensed musical performances, injunctive relief is appropriate.

### IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment is GRANTED. The defendants are permanently enjoined from further acts of infringement of the copyrighted musical compositions licensed by the plaintiff. The plaintiffs are jointly AWARDED damages in the amount of $17,728.80, plus attorney's fees and costs in the amount of $5,210.75, for an aggregate damage award of $22,939.55, plus interest from the date of judgment.

This case is closed.

**IT IS SO ORDERED**.

Dated: March 5, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**